Kettisha Fulbright
1220 West Manor Street
Chandler, AZ 85224
Telephone: (602)400-8677
Email: Kettisha@hotmail.com

Respondent, Pro Se

FILED
2009 DEC -4 PM 2:37
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>KETTISHA FULBRIGHT<br>Debtor<br><br>CitiMortgage, Inc.<br>Movant<br><br>v.<br><br>KETTISHA FULBRIGHT, Debtor;<br>Roger W. Brown, Trustee<br><br>Respondent(s) | No. 2:09-bk-13512-RJH<br><br>Chapter 7<br><br>OBJECTION TO MOTION FOR RELIEF<br>FROM THE AUTOMATIC STAY AND<br>LIFTING OF THE AUTOMATIC STAY<br><br>RE: Real Property Located at<br>1220 West Manor Street<br>Chandler, AZ 85224 |

    Respondent objects to motion by Movant for relief from the automatic stay of 11 U.S.C. 362(a) to permit Movant to foreclose on real property owned by Respondent.

DATED this 3rd day of December, 2009.

                                          Respectfully submitted by,

                                          Kettisha Fulbright
                                          Respondent, Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant was contacted in March, April, May and June 2009 to be informed of Respondent financial issues prior to filing of Chapter 7 Bankruptcy. Movant was contacted by telephone and in writing during these months requesting possible loan modification. Respondent was given to voice mail messages and rerouted numerous times. Movant was also contacted via Money Management International, a nonprofit budget and credit counseling agency, along with primary mortgage holder, HSBC, regarding loan modification prior to filing of Chapter 7 Bankruptcy by Respondent. HSBC responded to loan modification and no response was returned by Movant. Further calls went out after receipt of letter from Attorney for Movant on November 19, 2009 and again on November 20, 2009. Both times Respondent asked to speak to the attorney on the letter received – Mark S. Bosco. Both times Respondent was transferred first to the Bankruptcy area, and then to the voice mail of Steven (sp?). No calls were returned although requested by Respondent. The next contact received was a copy of the motion for relief filed by attorney for Movant. Though an effort was made by Respondent, there was not sincere attempt by attorneys to respond prior to filing of motion on November 23, 2009.

Movant has consistently sent out "informational" statements with a bold stamp on the front listing MONTHLY MORTGAGE ACCOUNT STATEMENT ENCLOSED in red lettering. The statements do not list any delinquencies, but rather state the amount that is due for the month. These "informational" statements also list for the Respondent to contact the bankruptcy department of Movant if Respondent wishes these statements to stop. Respondent asserts that this was accomplished June 2009 upon filing of Chapter 7 Bankruptcy petition by Respondent, subsequent The most recent "informational" statement was received 12/02/2009 meaning that these statements are still being generated even after a filing of relief. This contradicts the implication of Movant's motion [3rd page of motion, sentence beginning at line 11 and completing during line 15] – *The Movant further seeks relief in order to contact the Debtor by telephone or written correspondence regarding a potention Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors.*

Movant has never STOPPED contacting Respondent regarding the property in question as witnessed through its generation of monthly statements. At any point, before and after Respondent's filing of Chapter 7 Bankruptcy, Movant could have contacted Respondent regarding property as Respondent contacted Movant beginning in March 2009. As Respondent initiated contact, Movant was free to respond and chose not to until a delinquent state was generated as which point the misfortune of the Respondent could be used to seize a property for much less than the worth of the property. Movant is not primary mortgage holder on the property and Respondent has received a proposed loan modification from HSBC that would need to be reviewed in light of November 30, 2009 posting on makinghomesaffordable.gov. I do meet at least the minimum qualifications for home loan modification and as such should be subject to a delay in foreclosure while this is being reviewed as an agreeable modification would mitigate foreclosure proceedings.

## CONCLUSION

Respondent requests that the court not enter an order vacating the automatic stay of 11 U.S.C. Section 362(a) as requested by Movant.

DATED this 3rd day of December, 2009

Kettisha Fulbright
Respondent, Pro Se

Copies of the foregoing have
Been mailed on December 4, 2009, to:

CitiMortgage, Inc.
c/o Mark S. Bosco, Esq.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Roger W. Brown
PO Box 32967
Phoenix, AZ 85064-2967
Trustee

HSBC Mortgage Services
PO Box 9068
Brandon, FL 33509

US Trustee
230 North 1st Avenue, Suite 204
Phoenix, AZ 85003-1706